Kern, /., dissenting: Prior to the opinion in the case of Bull v. United States, 295 U. S. 247, there would have been little doubt but that the value of the option or right of decedent’s estate to participate in the earnings of the partnership for 10 years after the death of the decedent partner would have been properly included as a capital asset in the decedent’s gross taxable estate, and only that part of the partnership income received by the estate would be subject to income tax which was in excess of the value of the contractual right or chose in action constituting part of the decedent’s estate. See William P. Blodget, 13 B. T. A. 1243; John F. Degener, Jr., 26 B. T. A. 185; Grahame Wood, 26 B. T. A. 533. However, the Bull case (which is described by the First Circuit in McClennan v. Commissioner, 131 F. 2d 165, as “a peculiar case on its facts and in the way the case came up”) appears to hold that if the partnership itself has no capital investment and no tangible assets, the contractual right to share in its earnings after the death of a partner can not be considered capital and can not be included at any value in the deceased partner’s gross estate. It should be noted that this conclusion was not necessary to a decision of that case; that it was later referred to somewhat questioningly by the Supreme Court in Uelvervng v. Enright's Estate, 312 U. S. 636, footnote 9; that it was construed by the First Circuit as a conclusion to be strictly limited to its own peculiar facts (McOlennan v. Commissioner, supra); and has been construed by us as not applying to situations where the partnership had any tangible assets (see Estate of Thomas F. Remington, 9 T. C. 99, 107, and Charles F. Coates, 7 T. C. 125.) In the instant report it is found as a fact that “capital and tangible assets were not of importance to the creation and retention of partnership business.” The inference is that some capital and tangible assets existed. The parties themselves have considered the Bull case as not applicable in that the value of the option was included in decedent’s gross estate for estate tax purposes at a figure of $140,000. I am loathe to conclude that this right which was valued at this amount for estate tax purposes did not constitute “a capital asset which it received from the decedent,” and am unwilling to agree that we are forced to this conclusion by the Bull case.